IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STACY PRITCHETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08-CV-217-HEH |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM ORDER
(Adopting the Report and Recommendation of the United States Magistrate Judge
and Granting Defendant's Motion for Summary Judgment)

THIS MATTER is before the Court on a Report and Recommendation ("R&R") filed pursuant to 28 U.S.C. § 636(b)(1)(B) by the Honorable Dennis W. Dohnal, United States Magistrate Judge ("Magistrate Judge"), on October 17, 2008. The Magistrate Judge's R&R addresses the parties' cross-motions for summary judgment. Plaintiff has filed objections to the R&R, and Defendant has responded thereto. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.

The instant case involves Plaintiff's claim of entitlement to disability benefits. The Administrative Law Judge ("ALJ") denied Plaintiff's claim, finding that Plaintiff was not disabled (as that term is defined by the Social Security Act) in part because Plaintiff was able to perform a number of different jobs in the national economy. Record at 313. After

her administrative appeal was denied, Plaintiff sought relief from this Court.

On review, the Magistrate Judge properly considered the limited issue of whether "the Commissioner's decision that Plaintiff is not entitled to benefits [was] supported by substantial evidence on the record and the application of the correct legal standard." R&R at 3; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). After a detailed analysis, the Magistrate Judge concluded that ALJ applied the correct legal standard to arrive at a decision that was supported by "substantial evidence of record." R&R at 10. Having reviewed the record, the R&R, and Plaintiff's objections, this Court finds that there is substantial justification in the record to support the Magistrate Judge's findings of fact and conclusions of law as to the ALJ's decision.

Plaintiff advances two objections to the R&R. First, Plaintiff contends that the R&R "misunderstands the nature of Multiple Sclerosis in focusing on neurological signs on physical examination" instead of Plaintiff's primary physical symptom, fatigue. Pl. Obj. at 1. The R&R, however, correctly notes that the ALJ considered much more than "the absence of ongoing neurological dysfunction in physical examinations" as the basis for the conclusion that Plaintiff is not disabled. Pl. Obj. at 4. Specifically, the ALJ properly "considered all of the evidence on record"–not just neurological symptoms–in assessing Plaintiff's medical condition, including her fatigue and her ability to perform various physical tasks. R&R at 9-11; *see also* Record 310-12. Plaintiff's first objection thus lacks merit.

2

Plaintiff next objects to the R&R's conclusion that the ALJ improperly rejected the medical opinions of Plaintiff's treating physicians. As the Magistrate Judge correctly noted, the ALJ need not accept the opinion of a claimant's treating physician when that opinion is inconsistent with other evidence or is not otherwise well-supported. Jarrells v. Barnhart, No. 7:04-CV-00411, 2005 WL 1000255, at *4 (W.D.Va. 2005) (Citing 20 C.F.R. §§ 404.1527(d)(3), (d)(4); 416.927(d)(3), (d)(4)). However, the ALJ must cite specific evidence supporting its decision so that a reviewing court can determine whether the decision was proper. R&R at 8 (citing 20 C.F.R. § 404. 1527(d)(2)).

Importantly, the ALJ clearly articulated his reasons for crediting the opinion of an independent consultative medical examiner over the opinions of Plaintiff's treating physicians. *See* Record at 311-13. Specifically, the ALJ concluded that the opinions of Plaintiff's treating physicians were insufficient because they did not provide "probative information concerning the nature and severity of [Plaintiff's] specific condition and impairment" and instead discussed symptoms and effects of Multiple Sclerosis generally. Record at 312. By contrast, the independent consultative medical examiner's report–which contradicted certain findings made by Plaintiff's physicians–directly addressed Plaintiff's condition and specific impairments. Record at 308.

Moreover, the ALJ's opinion makes clear that he relied upon all relevant medical evidence to discount the testimony of Plaintiff's physicians, including evidence of Plaintiff's physical activities, medical symptoms, and job activity. *See* Record at 310.

3

Review of the record and the ALJ's opinion thus reveals that his decision to discount the testimony of Plaintiff's treating physicians was supported by substantial evidence on the record and was based on the correct legal standard. *See* Record at 312. Therefore, Plaintiff's second objection is likewise unfounded.

Accordingly, because there is substantial justification in the record to support the Magistrate Judge's findings of fact and conclusions of law regarding the Commissioner's decision, the Court HEREBY ACCEPTS and ADOPTS the October 17, 2008 Report and Recommendation of the Magistrate Judge (Dkt. 13). Defendant's Motion for Summary Judgment (Dkt. 10) is hereby GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. 8) is hereby DENIED.

The Clerk is directed to send a copy of this Order to all counsel of record and to Magistrate Judge Dohnal.

It is so ORDERED.

/s/
Henry E. Hudson
United States District Judge

Date: Nov. 10, 2008
Richmond, Va.

4